

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

*Ruiz v. State*
*548 SW 2d 809*

February 7, 1973

Honorable Bevington Reed
Commissioner, Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. H-6

Re: Whether a teacher, instructor or professor may serve and draw salary as a member of the Ector County Commissioners Court at the same time he teaches either full-time or part-time for Odessa College and draws a salary for his service there.

Dear Dr. Reed:

You have inquired as to whether a teacher, instructor or professor may serve and draw salary as a member of the Ector County Commissioners Court at the same time he teaches either full-time or part-time for Odessa College and draws a salary for his service there.

Odessa College is a junior college operated pursuant to the provisions of the Texas Education Code, Sections 130. 001, et seq. As such it is an educational agency of the State and its teachers, instructors, and professors are "individuals who receive all or part of their comepnsation either directly or indirectly from State funds".

It is unnecessary to determine whether "teachers, instructors, and professors" at Odessa College are persons who occupy civil offices of emolument as used in the first sentence of Section 40 of Article 16 of the Constitution of Texas, since county commissioners are expressly excepted from the restrictions imposed by that sentence.

The first sentence of Article 16, Section 40, however, does not operate as an exemption of county commissioners from the separation of powers command of Article 2, Section 1 of the Constitution of Texas which provides:

"The powers of the Government of the State
of Texas shall be divided into three distinct
departments, each of which shall be confided to a
separate body of magistracy, to wit: Those which
are Legislative to one; those which are Executive
to another, those which are Judicial to another;
and no person, or collection of persons, being
of one of these departments, shall exercise
any power properly attached to either of the
others, except in the instances herein expressly
permitted. "

It has been said that an executive officer of the state is one
whose duties are to cause the laws to be e x c u te d and obeyed and
that offices of the executive department of the state are those whose
duties are to execute the laws coextensive with the state. Texas
Liquor Control Board v. Continental Distilling Sales Co., 199 S.W.
2d 1009 (Tex. Civ. App., Dallas, 1947, error ref. n. r. e.). See
also Willis v. Owen, 43 Tex. 41 (1875).

Article 5, Section 1 of the Constitution of Texas provides, in part:

"The judicial power of this State shall be
vested in one Supreme Court, . . . in Commissioners
Courts. . . and in such other courts as may be pro-
vided by law. . . ."

To the extent that the Constitution may also confer upon members of
a commissioners court certain executive functions (see, for instance,
Article 9, Section 3 of the Constitution of Texas), they fall within the
"except in the instances herein expressly permitted" provision of
Article 2, Section 1. They are not, however, excepted from the
provisions of that section while acting as agent of a separate executive
body.

It could be argued that teachers do not, within the meaning of
Article 2, Section 1, exercise any power attached to the executive
department of the government; that, rather, they merely discharge

a function of the executive without exercising any discretion and that, therefore, they would be no threat to the proper balance of government. This argument is particularly forceful when no compensation is involved in one position and the coercive effect of economic dependence would not influence the discharge of duties. Section 40 of Article 16 recognizes the importance of this consideration by granting limited exemption from the strictures of the separation of powers clause to certain persons, conditioned upon their renunciation of salary for the local governmental position.

But the distinction between the exercise of a governmental power and the exercise of a function implementing that power is often more apparent than real. Saint v. Allen, 126 So. 548 (La., 1930); State v. Burch, 80 N. E. 2d 294 (Ind., 1948); Monaghan v. School Dist. No. 1, Clackamas County, 315 P. 2d 797 (Ore. 1957).

It is our opinion, therefore, that a teacher, instructor, or professor employed by a public institution of learning "being of" the executive department within the meaning of Article 2, Section 1 of the Constitution of Texas, may not at the same time validly hold the office of county commissioner except by qualifying under the language added to Section 40 of Article 16 by the 1972 amendments:

> "State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided however, that such State employees or other individuals shall receive no salary from serving as members of such governing bodies. . . ." (Emphasis Added)

It is our conclusion that a teacher, instructor or professor at Odessa College may serve as a member of the Ector County Commissioners Court but only if he renounces his salary as commissioner.

## - S U M M A R Y -

A teacher, instructor or professor who teaches either full or part-time at a State supported junior college and draws a salary for his services there may, serve as a member of a commissioners court but only if he renounces his salary for his services as commissioner.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

JOHN M. BARRON
First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee